IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTON HORBENKO,

    Petitioner,

v.                                                                                    No. 26-cv-0751-KWR-DLM

RAFAEL GARNICA, CBPO, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *pro se* Petitioner Anton Horbenko's "Petition to the Court Regarding the Lawfulness of Arrest" (Doc. 1) (Petition), filed March 12, 2026.   Petitioner contends he was improperly arrested by Customs and Border Patrol (CBP) at the border of Mexico. (Doc. 1) at 2-5.   This arrest led to the revocation of Petitioner's Humanitarian Parole status and an Immigration Judge issuing a removal order.  *Id.* at 5-10.   Petitioner asks the Court to review evidence regarding whether he actually entered Mexico and whether the incident warranted revocation of his Humanitarian Parole status, and to evaluate the lawfulness of the arrest and the Immigration Judge's subsequent removal order.  *Id.* at 10.

Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging his immigration detention in a separate case.  *See* Case No. 2:25cv764 WJ/DLM.   The district judge in that case has granted Petitioner's § 2241 petition and ordered the Government to release him from custody. *See* Document 38, filed in Case No. 2:25cv764 WJ/DLM.   Consequently, to the extent Petitioner seeks to challenge his detention, the Petition is moot.  *See* 28 U.S.C. § 2241(c)(3) (Section 2241

provides a remedy when a petitioner is "in custody in violation of the Constitution or laws ... of the United States."); *United States v. Fields*, 823 Fed. App'x 587, 589 (10th Cir. 2020) (A § 2241 "case becomes moot when a plaintiff no longer suffers a redressable injury."); *Cohen Ma v. Hunt*, 372 Fed. App'x 850, 852 (10th Cir. 2010) (release from ICE custody mooted Section 2241 claims). Petitioner's challenge to the revocation of his Humanitarian Parole status and removal order is not redressable because District Courts lack jurisdiction to review such decisions.  *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018) (explaining 8 U.S.C. § 1252, or the "zipper clause," limits District Court jurisdiction over claims challenging removal orders, including "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid the jurisdictional bar); *Valdovinos-Blanco v. Holder*, 557 Fed. App'x 793, 794 (10th Cir. 2014) (District Courts cannot intervene in ongoing deportation proceedings). Instead, the "avenue for direct review of final orders of removal [is] through petitions for review in courts of appeals.  Indeed, petitions for review filed with the court of appeals are the sole and exclusive means of review of most administrative orders of removal." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007).  For these reasons, the Court dismisses the Petition without prejudice and as moot because Petitioner has been ordered released from immigration custody and does not seek a remedy that is redressable by this Court.[1]  *See Brereton v. Bountiful*

---

[1] Petitioner appears to solely seek relief relating to his removal order which, as explained above, this Court lacks jurisdiction to review.  If, however, Petitioner wishes to pursue civil rights claims relating to the manner of his arrest, he must do so by filing a civil rights proceeding.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied private action for damages against federal officers alleged to have violated a constitutional right); *Hamilton v. Bird*, 650 Fed. App'x 585, 588 (10th Cir. 2016) (litigants generally may not assert habeas corpus claims and civil rights claims in the same action).

*City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("[A] jurisdictional defect calls for a dismissal without prejudice.").

IT IS THEREFORE ORDERED that Petitioner's Petition (Doc. 1) is DISMISSED without prejudice and as moot, as set forth above; and the Court will enter a separate judgment closing this civil case.

IT IS FURTHER ORDERED that Petitioner's pending Motion to Proceed In Forma Pauperis (Doc. 2) is DENIED as moot.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE

3